# Ætna Ins. Co., Appellant, v. Confer.

[Marked to be reported.]

*Insurance—Damages from insurance company and railroad—Judgment—Waiver—Estoppel—Res judicata—Affidavit of defence.*

Defendant's property was destroyed by fire from the sparks of a locomotive. He collected from plaintiff, an insurance company, a portion of a policy of insurance on the property destroyed. After the money was paid to him he recovered and collected a judgment from the railroad company for a large amount for the damage caused by the fire. Plaintiff then brought suit to recover the money paid on the policy. Defendant filed an affidavit of defence, in which he averred that he had requested plaintiff to join in the litigation against the railroad, but that plaintiff had refused to have anything to do with the matter, and had assured defendant that he was welcome to all he could collect from the railroad company; and that his loss was greater than the sum of the amounts paid by the insurance companies and the railroad company after deducting expenses for collection. *Held* that the affidavit was sufficient to prevent judgment.

It seems that in such a case the insurance company by parol, through an authorized representative, before suit was brought against the railroad company, could waive all claim on money contingent on a successful prosecution of a suit, in which it declined to take any risk or part.

It also seems that the judgment recovered against the railroad company was not conclusive as to the whole amount of the loss by the fire, as between the insurance company and the insured.

Not decided whether such action on the part of the insurance company operated as an estoppel.

Argued Oct. 5, 1893. Appeal, No. 243, Oct. T., 1893, by plaintiff, from order of C. P. Venango Co., Aug. T., 1892, No. 109, discharging rule for judgment for want of sufficient affidavit of defence in favor of defendant, A. L. Confer. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Rule for judgment for want of sufficient affidavit of defence in assumpsit for moneys paid on insurance policy. Before TAYLOR, P. J.

From the record it appeared that defendant insured his oil refinery in five companies, among which was plaintiff, to the amount of $3,140 in each. While the insurance was in force, the refinery was burned by sparks from a locomotive of the New

York, Lake Erie & Western Railroad.    Plaintiff made proof of loss, and on July 31, 1889, received from plaintiff $1,868.58, in full of plaintiff's share of the loss.    The other companies paid a like sum.    Subsequently defendant sued the railroad company, and obtained a verdict for some $25,000, and, on Feb. 20, 1892, received the sum of $27,069.83, in full of judgment, interest and costs.    [See 146 Pa. 33.]    The present action was then brought by plaintiff to recover the amount which had been paid to defendant.

Defendant filed an affidavit of defence, which averred:

"When the fire occurred, of which plaintiff speaks in his declaration, plaintiff was promptly notified of the same, and on or about the 31st of July, 1889, was furnished with proofs of the loss of defendant.    That the defendant, at the time of the adjustment of the loss, and before any money was paid thereon by plaintiff, explained fully and in detail to the plaintiff all the facts and circumstances of the fire; how it occurred; that it was his information and belief that the said railroad company was responsible for the said loss; that defendant then and there requested, solicited, and urged plaintiff to either bring suit against the railroad company, or join him in such suit to recover the damage sustained by plaintiff and defendant by reason of the fire and the negligent acts of the said railroad company, so that plaintiff could be thereby reimbursed for the amount paid defendant on the said policy of insurance, and also make defendant whole for the damages he had sustained in the destruction of his property.    The plaintiff not only neglected and refused to be subrogated to the extent of its payment to defendant under the policy, and have assigned to it such interest on making payment to defendant as is provided for in the policy, but stated to defendant at the date of the adjustment, and at divers others times before and when the loss was paid, that it was not in the law business; was not seeking litigation; had no claim against said railroad company; would have nothing to do with such a suit, and that defendant was welcome to all he could get or collect from said railroad company.    Upon such refusal and withdrawal of plaintiff, deponent brought suit in his own name, and for his own benefit, for the amount of damage he himself had sustained, and not for anything plaintiff could then or at any time afterwards claim in whole or in part.

That plaintiff well knew that said suit was brought, and well knew that they had assigned and released to deponent all and every their right and claim of, in, and to any sum, judgment or verdict deponent might recover therein, and did not ask or claim to intervene therein, or be subrogated to the extent of any claim it might have had therein ; if plaintiff had any right at any time to call on deponent for any money so by him recovered, they have slept upon such rights, have been guilty of laches for over three years from the date of the loss, and more than six months after the payment of the judgment by the railroad company to the defendant, before taking any step looking to the recovery of what it now claims is its right, but which deponent avers it at the time and in the manner above stated gave and released to deponent, and deponent alleges that plaintiff is estopped from claiming or demanding or receiving anything as stated in its claim herein.

"For a further defence deponent says, that being placed in the position of being left to bring suit in his own name, for his own benefit, and plaintiff having released him from any claim it may have had against him should he recover anything from the railroad company for his damage, and released to him any right to recover from the said company which it had by reason of his loss and the payment to him of the insurance money as claimed by it herein, he paid out and expended large sums of money in and about said suit and trial, and the following of the same to the Supreme Court; that if plaintiff is entitled to recover at all, and the court should hold such recovery was for the benefit or use of the plaintiff, then he avers he is entitled to his expenses in that behalf necessarily paid out and expended by him, amounting in the whole to the sum of $5,383.83, the amounts and purposes being fully set forth in the schedule hereto attached and made a part hereof. Deponent alleging that he is not indebted to plaintiff in any amount, and that he will be able to prove the above and foregoing upon trial, asks judgment against plaintiff for his costs in this behalf."

The schedule of expenses were for procuring witnesses, attorney's fees, fees and expenses in the court below, paper books, attorney's fees and expenses in the Supreme Court.

An additional affidavit of defence was filed, but afterwards withdrawn, and another one filed, averring that :

"Affiant wishes to further explain what he stated in his 'additional affidavit' where he says 'the said plaintiff voluntarily paid to affiant the said sum of $1,868.58, after full understanding of his loss' etc., by saying that plaintiff fully understood that defendant's actual loss was much greater than the amount paid in insurance by all the companies. And further says that the amounts paid him, both by the insurance companies and the railroad company, did not make up the total loss sustained by defendant, after deducting the costs and expenses of the collection, and if plaintiff can recover at all, he must be limited by any surplus there may be in defendant's hands."

The affidavit appended to this amended statement averred "that the statements made by affiant in the foregoing affidavit are true and correct as he is informed and believes."

Plaintiff moved for judgment for plaintiff and against defendant in default, for want of a sufficient affidavit of defence, for the amount of plaintiff's claim except the one fifth part thereof, the said one fifth being plaintiff's proportion of the amount claimed by defendant for attorney fees and expenses, with leave to plaintiff to proceed to trial for the amount excluded by this motion.

Rule for judgment discharged. Plaintiff appealed.

*Error assigned* was above order, quoting it.

*John O. McCalmont, B. H. Osborne* with him, for appellant. —The right of plaintiff to maintain this action cannot be questioned: Ins. Co. v. Fidelity etc. Co., 123 Pa. 523; Wood on Fire Ins., p. 788, § 478, p. 791, § 476; 2 May on Ins., p. 1038, §§ 454, 455, p. 1043, § 456 a; Monmouth etc. Co. v. Hutchinson, 21 N. J. Eq. 107; Hendrickson v. R. R., 8 Leg. Gaz. 125; s. c., 23 Pitts. L. J. 147; Fidelity etc. Co. v. Gas Co., 150 Pa. 8; Gochenauer v. Good, 3 P. & W. 274; Bender v. George, 92 Pa. 36; Miller v. Ord, 2 Bin. 382.

The authority of the agent to waive the rights of the insurance company should have been set out in the affidavit of defence: McCracken v. Congregation, 111 Pa. 106; Keffer v. Robinson, 2 W. N. C. 689; Marsh v. Marshall, 53 Pa. 396.

The alleged agreement should have been quoted in hæc ver-

ba, and if in writing a copy should have been attached; otherwise it is not before the court: Birkey v. Whitaker, 4 W. N. C. 137.

The additional affidavit on "information and belief" was insufficient: Black v. Halstead, 39 Pa. 64; Bank v. Gregg, 79 Pa. 384.

The statement that the payment was voluntary on part of plaintiff is a conclusion of law and therefore insufficient: Kaufman v. Iron Co., 105 Pa. 537; Bank v. Stadelman, 153 Pa. 634.

The presumption of law is that defendant's recovery from the railroad company was in full. Had he sued the wrongdoer first, his recovery against it would have been final and would have discharged the plaintiff from all liability: Ins. Co. v. Fidelity etc. Co., 123 Pa. 523.

*J. S. Carmichael, R. W. Dunn* with him, for appellee.—The statute authorizing writs of error to be taken when a court of common pleas refuses to enter judgment on the ground of the sufficiency of an affidavit of defence, was intended to reach only clear cases in law, and thus to prevent the delay of a trial: Radcliffe v. Herbst, 135 Pa. 568; Griffith v. Sitgreaves, 81* Pa. 378.

If the assured after payment by the insurers obtains by action any money, which together with the sum received from the insurers exceeds the total value of the property insured, the insurer will be entitled to recover from the insured the amount of such surplus, but not more than the surplus: Porter on Insurance, *234; Newcomb v. Cincinnati Ins. Co., 22 Ohio, 382.

The affidavit shows with sufficient definiteness that the waiver was verbal at the time of the adjustment of the loss, and therefore by the adjuster. The company is bound by his acts: May on Insurance, § 509.

OPINION BY MR. JUSTICE DEAN, December 30, 1893:

The defendant owned an oil refinery on the line of a railroad; he insured his property in five companies, among them this plaintiff, each delivering to him a policy in the sum of $3,140, and each policy, to the amount of it, embracing in the description the whole property. While the policies were in

force, on the 24th of July, 1889, the refinery caught fire from locomotive sparks from the railroad, and was damaged to the amount of $27,565.42, as averred by him in his proof of loss. Defendant, as required by his contracts of insurance, at once made claim on the insurers. On July 31, 1889, the plaintiff paid him in full of its share of the loss $1,868.58; the other four companies paid a like sum. Afterwards, the defendant, alleging the fire was caused by the negligence of the railroad company, brought suit against it for his entire loss, and got a verdict for $25,081.46, which, when paid, with interest and costs added, amounted to $27,069.83. Whereupon, this plaintiff, one of the insurance companies, brought this suit, to get back from defendant the amount it had paid him, $1,868.58, less its share of the expenses of collection of the whole amount from the railroad company. To this claim of the company, the defendant filed affidavit of defence, in substance averring:

1. That immediately after the fire, at the time of the adjustment of his loss, he informed the insurance company fully of the cause of it, which, as he believed, was the negligence of the railroad company, and solicited said company to join with or aid him in a suit against said railroad company, that said insurance company might be reimbursed for the amount it had paid him, but that plaintiff refused to have anything to do with the matter; said it was not in the law business; had no claim against the railroad company; that insured was welcome to all he could collect from the railroad company; that thereupon he brought suit in his own name against the railroad company, and, after long, vexatious and expensive litigation in the court below and in the Supreme Court, he three years afterwards obtained final judgment and received the money.

2. That he paid out and expended a large sum of money in procuring attendance of witnesses, printer's bills, counsel fees, etc., amounting to the sum of $5,389.83.

3. That his loss was much greater than the aggregate amount paid by all the insurance companies, and that the sum of the amounts paid by the insurance companies and railroad company did not cover his loss after deducting the expenses of collection.

On filing this affidavit, plaintiff took a rule for judgment for want of a sufficient affidavit of defence, which the court on hearing discharged. From that decree comes this appeal.

It must be a very plain case of error in law, if we sustain appeals in such cases as this, from the decree of the common pleas discharging the rule. The decree being interlocutory, no injury can result to the complaining suitor other than delay of final judgment. Besides, it is doubtful whether the act of assembly authorizing these appeals has not, on the whole, aggravated delay. The observations of this court in Griffith v. Sitgreaves, 81* Pa. 378, and Radcliffe v. Herbst, 135 Pa. 568, are pointedly applicable in the case before us.

A very elaborate argument is made, with abundant reference to authorities, to show that appellant has a good cause of action. As nothing to the contrary has been intimated by the court below, that question being in no way involved in the decree discharging the rule, we are somewhat at a loss to understand why the point is so earnestly urged here. The jurisdiction of this court is appellate, not original, in actions at law; it is our duty to review judgments of the common pleas, not to make suggestions preliminary to a hearing, as to what decrees shall there be made. We presume the learned judge of the court below, if the question be raised before him, will rightly decide it. Certainly we cannot pass upon it before hearing or decision by him. The only question properly before us is, does the affidavit set out sufficient to send the case to a jury? We do not think it advisable at this stage of the proceedings to inquire whether the agreement to relinquish or waive any claim by the insurance company, as averred by defendant, would constitute an estoppel. As the case must go to trial on other disputed facts, the sufficiency of this part of the defence can be better determined when the evidence is heard. We have no doubt plaintiff could, by parol, through an authorized representative, before suit was brought against the railroad company, have waived all claim on money contingent on a successful prosecution of a suit in which it declined to take any risk or part. Whether there was such a waiver by one authorized to make it, and whether the defendant, in view of it, took upon himself all the labor, expense and risk of problematical litigation, which otherwise he would not have done, are questions on which we now, for obvious reasons, intimate no opinion.

But the defendant further avers that he expended a large sum of money in and about the prosecution of the suit, such as

counsel fees, costs, and expenses of hunting up witnesses. The plaintiff undertakes to make a deduction from its claim for its share of this expense; defendant alleges that the deduction is not sufficient. This dispute can only be determined after hearing the evidence bearing on it. Then defendant further avers that his actual loss was greater than the aggregate amount received by him from both the insurance companies and the railroad company; the plaintiff replies that his claim against the railroad company was for his entire loss, and the judgment in that case is conclusive as to the amount. Undoubtedly, as between him and the railroad company, the judgment is conclusive; but the plaintiff was no party to that suit; however significant the judgment may be as evidence in this issue, it does not necessarily follow, as between these parties, that that judgment determines the whole amount of plaintiff's loss by the fire. His proven loss to the insurance companies, at time of payment by them, was $27,565.42; the verdict of the jury, nearly sixteen months after the fire, was only $25,081.36; deducting his alleged expenses from this amount, and adding the remainder to the amount received for insurance, makes a net sum, less than the aggregate of his alleged loss, as first proven to the insurance companies. The defendant, on trial of this issue, may adduce fuller and more specific proof of loss than on the former trial; may offer evidence which will satisfy the jury, as it satisfied the insurance companies when they paid him, that his actual loss was $27,565.42.

It is clear to our minds that the disputed facts mentioned can only be determined by a jury trial, therefore the decree of the court below is affirmed and the appeal is dismissed at costs of appellant.