## Automobile Finance Company, Appellant, *v*. P. H. Markman, Jr., I. Hanstein, Justice Hanstein and Thomas Rodgers, Trading as S. C. Rodgers Carriage Company.

*Replevin—Bailments — Automobiles — Repairs by bailee—Affidavit of defense—Sufficiency.*

In an action of replevin to recover possession of an automobile, an affidavit of defense by bailees is sufficient which alleges that the automobile was left in their charge for repairs, with the knowledge of the plaintiff and under circumstances which would imply its consent.

The appellate court will only sustain appeals from decrees of the courts of common pleas, discharging rules for judgment for want of a sufficient affidavit of defense, in cases of clear and manifest error in law.

Argued December 10, 1923.   Appeal, No. 299, Oct. T., 1923, by plaintiff, from judgment of C. P. No. 2, Phila. Co., June T., 1922, No. 9584, discharging rule for judgment for want of a sufficient affidavit of defense in the case of Automobile Finance Company v. P. H. Markman, Jr., I. Hanstein; Justus Hanstein and Thomas Rodgers, trading as S. C. Rodgers Carriage Company.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Replevin to recover possession of automobile.   Before GORDON, J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the following opinion of the court below discharging the rule:

This is an action of replevin for an automobile, and the case is before us on a rule for judgment for want of a sufficient affidavit of defense. The following facts appear from the pleadings:

On January 17, 1922, the plaintiff leased the automobile in question to the defendant, P. H. Markman, Jr., under a written lease in which the plaintiff agreed to sell the automobile to Markman at the expiration of the term of the lease for a certain sum of money, which was the same in amount as the total rental to be paid, the rent paid being credited upon the purchase price. This is a well-known practice of selling personal property under installment leases. Markman having defaulted in payment of the rent, the plaintiff sought to recover the automobile, and found it in the possession of the defendants, Justus Hanstein and Thomas Rodgers, trading as S. C. Rodgers Carriage Company, who refused to surrender it unless their charges for certain work which they had done upon it at the request of Markman were paid. Thereupon, this action of replevin was instituted, and the defendants composing the S. C. Rodgers Carriage Company, petitioned for and obtained leave to intervene as party defendant. Markman, the lessee, interposed no defense to the suit. The other defendants filed the affidavit of defense which is before us, with a rule for judgment, setting up a lien for the cost of the work which had been done by them upon the automobile. The paragraph of the affidavit of defense in which the lien is set up reads as follows:

"The defendants deny that they are not entitled to or have any interest in said automobile, and that no one of them is entitled to possession as against the plaintiff. The facts of the case are these: The defendant Markman obtained possession of the said automobile through

## 480 AUTOMOBILE FINANCE CO. *v.* MARKMAN et al.

a writing, a copy of which is annexed to plaintiff's statement, and afterwards delivered it to Justus Hanstein with instructions to him to make repairs on said automobile and put it in running and working order. That said automobile, when the writing relating to it, a copy of which is annexed to the plaintiff's statement, was delivered to the said Markman, had been in an accident and was in a dilapidated and broken condition and could not be run or operated and was unfit for any use whatever without repairs; that the said Markman when he took possession of the said automobile under the said writing informed the plaintiff that he was going to make repairs on the said automobile and put it in such condition that it could be run and operated, and the plaintiff knew of the condition of the automobile when it was delivered to the said Markman and knew that repairs had to be made upon it, the cost of which would have to be paid for, and the plaintiff also knew that the work on the automobile was not to be made by the said Markman but that he had to employ someone to do the said work When the said automobile was taken possession of under the writ of replevin issued in this case, it was in the possession of Justus Hanstein, who had made repairs upon it and who had a bill for said repairs against the said Markman amounting to $222.75, for which he claimed and now claims a lien on the said automobile."

We are not unmindful of the general rule laid down in Stern v. Sica, 66 Pa. Superior Ct. 84, and many other cases, that a repairman cannot claim a lien upon leased property for repairs ordered by the lessee unless the lessor and owner requested, or consented to, the repairs being made. This rule is subject to the qualification, however, as was pointed out in that case, that the consent of the owner need not be expressed but may be reasonably implied from circumstance. "In order to charge a chattel with this lien, the labor for which the lien is claimed must have been done at the request of the owner or under circumstances from which its assent can be

478, (1924).] Opinion of Court below—Arguments.

reasonably implied." (Meyers and Bro. v. Bratespiece, 174 Pa. 119, cited in Stern v. Sica, supra.) When the assent of the owner is claimed to arise by implication, it is for a jury to say whether such assent is to be reasonably inferred from the circumstances relied upon, unless the court would hold, as a matter of law that the circumstances proved would not justify such an inference.

We are not prepared to say that the circumstances set forth in the affidavit of defense in this case would not justify an inference that the plaintiff attended to the repairs. The automobile which it sold to Markman had been in an accident; it "could not be run or operated and was unfit for any use whatever without repairs." The plaintiff knew this, and it was informed by Markman that the necessary repairs would be made by another; and the lien asserted is for these repairs. While the circumstances from which the defendants rely to establish their lien might have been better pleaded, we are not disposed, at this stage of the case, to be meticulous in interpreting the affidavit. We do not know how strong a case may be developed by the defendants at trial. They may overwhelmingly establish their right to a lien, and should not be denied this right by a hypercritical examination of their pleadings. In our opinion, the affidavit sets forth the substance of a good defense, the truth of which should be passed upon by a jury. This is all that the law requires. The rule for judgment for want of a sufficient affidavit of defense should therefore be discharged.

*Error assigned* was the decree of the court.

*George J. Edwards, Jr.,* and with him *Ralph S. Croskey,* for appellant.—The defendants had no lien for the repairs alleged to have been made: Meyers v. Bratespiece, 174 Pa. 119, 121; S. Jacobs and Son v. North Kensington Storage Co., 81 Pa. Superior Ct. 140, 144; Stern v. Sica, 66 Pa. Superior Ct. 84, 88; Bankers' Commercial

Security Company, Inc., v. Brennan and Levy, 75 Pa. Superior Ct. 199, 202; Mitchell et al. v. Standard Repair Co., 275 Pa. 328, 331.

*J. H. Shoemaker,* for appellee.

PER CURIAM, February 29, 1924:

This is an appeal by the plaintiff from the decree of the court below discharging a rule for judgment for want of a sufficient affidavit of defense. "It must be a very plain case of error in law, if we sustain appeals in such cases as this, from the decree of the common pleas discharging the rule": Ætna Insurance Co. v. Confer, 158 Pa. 604. The opinion filed by Judge GORDON, of the court below, upon discharging the rule, renders unnecessary further discussion of the question involved.

The appeal is dismissed at the cost of the plaintiff, but without prejudice to his right to a trial by jury, and a second appeal after final judgment.