Alfred M. JOHNSTON and Eleanor T. Johnston, his wife

v.

TIMBER STRUCTURES, INC.

Civ. A. No. 29984.

United States District Court E. D. Pennsylvania.

June 10, 1963.

Duane, Morris & Heckscher, by Howard R. Moore, Jr., Philadelphia, Pa., for plaintiffs.

Krusen, Evans & Byrne, by William H. Pugh, IV, Philadelphia, Pa., for defendant.

WOOD, District Judge.

This suit concerns an action brought by the plaintiffs in connection with the collapse of the roof of their ice skating rink. The defendant sold the plaintiffs wooden trusses to support this roof which the plaintiffs allege were inadequate. After this accident the plaintiffs received a partial payment of the loss from their own insurance carrier pursuant to their private indemnity contract. When the carrier settled the claim, part of the consideration for this settlement was a waiver by the carrier of its subrogation rights to any future recovery by the plaintiffs against the defendant.

Now, the defendant seeks to join the Home Insurance Company as a party to this suit under Fed.R.Civ.P. 17(a), which authorizes joinder of a partial subrogee as a real party in interest. United States v. Aetna Casualty and Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949).

While it is indeed true that a partial subrogee is a real party in interest such a subrogee can divest itself of such substantive equitable rights by waiving its rights in order to effect a compromise settlement with an insured. Aetna Insurance Co. v. Confer, 158 Pa. 598, 28 A. 153 (1893). It seems reasonable to conclude that an insurance company and its insured can make a contract whereby the insurance company can

cease to have any interest in future legal action. If the only basis for joinder of a carrier is the existence of its subrogation right then the non-existence of such an interest should preclude any joinder of the carrier. The mere fact that the plaintiffs may recover full payment from the defendant in addition to the partial recovery from their own insurance company affords no ground for the defendant to allege unjust enrichment. This claim belongs to the Home Insurance Company who has seen fit to waive the right rather than take the risk of a lawsuit with its attendant expense.

Therefore, we determine that the Home Insurance Company has no substantive equitable interest in any recovery which the plaintiffs may receive from the defendant and is not a real party in interest. The defendant's motion is denied.