**Jack G. WILLARD, Roberto Cruz and Alicia Cruz, Appellants (Plaintiffs Below),**

v.

**AUTOMOBILE UNDERWRITERS, INC., Attorneys in Fact for Subscriber State Automobile Insurance Association and Vernon Fire & Casualty Company, Appellees (Defendants Below).**

No. 3–478A87.

Court of Appeals of Indiana, Fourth District.

July 30, 1980.

Rehearing Denied Oct. 20, 1980.

Jack G. Willard, Merrillville, for appellants.

Angelo A. Buoscio, Merrillville, for appellees.

YOUNG, Judge.

On November 27, 1973, Roberto Cruz, one of the appellants here, was insured by Automobile Underwriters by a policy of insurance which afforded various coverages to Cruz arising out of the operation, maintenance and use of his automobile. That day Cruz was involved in an automobile collision with Castillo. Cruz suffered per-

sonal injury and loss of wages. Automobile Underwriters paid Cruz $9,000.00 for loss of wages in advance of any recovery from Castillo. Thereafter, Cruz employed appellant Willard as his attorney under a contingent fee contract to pursue his cause of action against Castillo.

In February of 1974, appellants Roberto Cruz and Alicia Cruz filed suit for damages against Castillo. Automobile Underwriters put Vernon Fire and Casualty, Castillo's insurer, on notice of its interest in the claim by virtue of the subrogation provision of its policy and their agreement with Cruz for indemnity and reimbursement. After paying out the limits of its policy to Cruz, Automobile Underwriters requested reimbursement from Vernon.

Automobile Underwriters intervened in this action and Vernon was joined as a party-defendant. The parties agreed to an entry of judgment limiting Vernon's liability to $15,000.00, its policy limit with Castillo, upon Vernon's deposit of that sum with the clerk. Upon motion, the trial court ordered $5,500.00 paid over to Willard and the Cruzs. The remaining balance, $9,500.00, is the subject of this appeal.

Willard brought suit against Automobile Underwriters claiming expenses and attorney's fees, for an accounting and that the trial court declare the subrogation clause of Automobile Underwriters' policy unconstitutional, that it be rewritten and that Automobile Underwriters be restrained from enforcing such policy provision. The trial court, after a bench trial, found in favor of Automobile Underwriters and Willard and ordered the clerk to pay to the Cruzs $3,500.00, certain expenses and the balance to Automobile Underwriters. Willard and Cruzs appeal contending that Automobile Underwriters is not entitled to any reimbursement until the Cruzs' loss or damages is paid in full.

 *Capps v. Klebs*, (1978) Ind.App., 382 N.E.2d 947 is dispositive of this issue.

The general rule applicable to actions based on the ground of subrogation is that the right does not exist unless the whole debt has been paid. *Maryland Cas-ualty Company of Baltimore v. Cleveland, Cincinnati, Chicago and St. Louis Railroad Company* (1919), 74 Ind.App. 272, 124 N.E. 774; *Opp v. Ward et al.* (1890), 125 Ind. 241, 24 N.E. 974. Even if a surety is liable for only part of the debt and pays that part for which he is liable, he cannot be subrogated until the whole demand or debt is satisfied. The rule applies to contractual as well as equitable subrogation, unless the contract by which such right is created provides otherwise. Where the claim to *pro tanto* subrogation (subrogation before the debt is satisfied) is based in contract, the contract must be clear, unequivocal and so certain as to admit no doubt on the question. *Maryland Casualty Company of Baltimore v. Cleveland, Cincinnati, Chicago and St. Louis Railroad Company, supra*; *Washington Township Board of Finance v. American Surety Company of New York et al.* (1932), 97 Ind.App. 45, 183 N.E. 492; *Morrow et al. v. U. S. Mortgage Company* (1884), 96 Ind. 21; *Knaffl v. Knoxville Banking & Trust Company* (1915), 133 Tenn. 655, 182 S.W. 232; Sheldon on Subrogation (2d Ed. § 127); Ruling Case Law, Vol. 25, § 6.

Automobile Underwriters is not entitled to the proceeds of the settlement with Vernon unless the policy insuring the Cruzs clearly and unequivocally provides for *pro tanto* subrogation. It does not. The trust agreement of the policy reads, in part, as follows:

In the event of payment to any person under Coverage C–3 the company shall be entitled, to the extent of such payment, to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury, sickness, disease or death because of which such payment is made; . . .

That language does not meet the standard of the *Capps* decision.

Reversed.

MILLER, P. J., and CHIPMAN, J., concur.