## Nationwide Mutual Insurance Co. v. Kintz

*William A. Addams,* for plaintiff.
*Robert D. Myers,* for defendant.

SHUGHART, *S.J.,* July 21, 1983: — In wrongful death and survival actions instituted at No. 114 Civil 1981, Joseph L. Kintz, the defendant herein, recovered damages of $129,870 for the death of his wife in an automobile accident. The jury returned a verdict in the liability portion of that case indicating that Thomas March was 65 percent liable for the accident and Mark Forguson was 35 percent liable. March was uninsured at the time of the accident. Forguson was insured by Nationwide Mutual Insurance Co., plaintiff herein. Nationwide paid the $129,870 judgment on November 12, 1982, pursuant to the terms of its policy with Forguson.

At the time of the accident, Joseph L. Kintz also had his insurance with Nationwide. The policy included an uninsured motorist clause as required by the Act of August 14, 1963, P.L. 909, §1, as amended, 40 P.S. §2000. Because of the involvement of Thomas March, an uninsured motorist, in the accident, Nationwide paid Kintz $15,000 pursuant to the uninsured motorist clause of the policy. Nationwide extracted from Kintz a "Release and Trust

Agreement" providing subrogation rights to Nationwide should Kintz collect a judgment from any person responsible for the accident. In the present action Nationwide attempts to collect the $15,000 it paid to Kintz under the uninsured motorist clause in accordance with the subrogation rights provided in the release and trust agreement. The case is before us on Nationwide's motion for judgment on the pleadings.

It is clear that Nationwide can have no greater right to subrogation under the Release and Trust Agreement than it has under statutory law. Shamey v. State Farm Mutual Auto. Insurance Co., 229 Pa. Super. 215, 331 A.2d 498 (1974) (quoting with approval DeSantis v. American Mutual Liability Insurance Co., 53 D. & C. 2d 595 (1971)). 40 P.S. §2000 has been construed to allow a right of subrogation to an insurer who pays an uninsured motorist claim "*only* upon the insurer's showing that the sum of the insured's recovery from the insurer and from persons legally responsible for the injury exceeds the insured's loss." Walls v. City of Pittsburgh, 292 Pa. Super. 18, 23, 436 A.2d 698, 701 (1981) (Emphasis in original.)

The issue in this case is whether the expenses incurred by the insured in collecting a judgment from the tortfeasor, including reasonable attorney's fees, should be taken into account in determining if the insured has been fully compensated. Although it mainly concerns procedural issues respecting the sufficiency of pleadings, the case of Aetna Insurance Co. v. Confer, 158 Pa. 598, 28 A. 153 (1893), appears to answer the question here presented. As we read Confer, it holds that the expense of making recovery from the tortfeasor, including attorney's fees, must be taken into account in determining whether the insured has any excess recovery to

which the insurer would be entitled under the doctrine of subrogation.

In Confer, Aetna paid $1,868.58 to Confer under a fire insurance policy. Confer later obtained damages amounting to $27,069.83 from the railroad company whose locomotive had started the fire. Aetna brought suit to recover the money it had paid claiming that since the railroad had paid for the entire loss the $1,868.58 Aetna had paid was excess. Confer raised two defenses in his affidavit of defense. First, Confer claimed that Aetna was estopped from subrogation by its earlier statements to the effect that it was not interested in any recovery against the railroad. Second, Confer argued that he had not been made whole because the costs of recovering the judgment against the railroad exceeded the $1,868.58 paid by Aetna. Confer maintained that these costs had to be taken into account in determining whether he had been fully compensated.

The court refused to consider the merits of either of the defendant's claims because it found that factual disputes existed as to both. It did indicate, however, that either of these claims, if proved, would provide a valid defense. "[C]ounsel fees" were specifically included by the court as an expense to be considered in assessing the completeness of the insured's recovery. Id. at 604-05, 28 A. at 154. Confer's stature as authority for the proposition that attorney's fees must be taken into account in deciding whether an insured holds excess money that the insurer may properly recover in a subrogation action is confirmed by the fact that two courts of common pleas have cited it to that effect. See Wiertel v. Legler, 55 Erie L.J. 59 (1972); DeSantis v. American Mutual Liability Insurance Co., 53 D. & C. 2d 595 (1971). Both of these cases involved insurance

payments made pursuant to an uninsured motorist clause in a policy — Wiertel being quite similar to the case at hand.

The question is whether this case can be disposed of on the pleadings as they stand. The pleadings consist of a complaint, an answer with new matter, and a reply. If our review of these pleadings discloses any issue of material fact outstanding, judgment on the pleadings may not be entered. Commonwealth ex rel. Milk Marketing Board v. The Ohio Casualty Insurance Co., 25 Pa. Commw. 371, 377, 360 A.2d 788, 791 (1976). Our task is simplified in this case by the admissions contained in the pleadings. In light of the discussion above, it appears that the only material fact is the amount which the defendant expended to recover his $129,870.00 verdict. Paragraph 27 of the defendant's answer with new matter puts the cost at $46,469.97 ($43,840 attorney's fees plus $2,629.97 other expenses). This allegation is admitted in the plaintiff's reply.

Since this sum exceeds the $15,000 Nationwide paid defendant as an uninsured motorist benefit, there is no excees fund to which Nationwide has a subrogation right. Defendant's net recovery in his survival and wrongful death actions was $83,400.03 ($129,870 verdict less $46,469.97 expenses). That $83,400.03 plus the $15,000 uninsured motorist benefits paid by Nationwide brings his total compensation to $98,400.03. This sum is less than the loss that the jury determined that he sustained. Hence, defendant has not been made whole, and for this reason Nationwide's subrogation claim must fail. Walls v. City of Pittsburgh, supra.

There being no issue of material fact, we find that the case is clear and that a trial would be pointless. In such a situation, judgment on the pleadings is

proper. Shetter v. State Farm Mutual Insurance Co., 33 Cumberland L.J. 29 (1982). The cases further indicate that we may enter judgment against the moving party. See Ruska v. Philadelphia Life Insurance Co., 412 Pa. 418, 195 A.2d 93 (1963). Indeed, since the issue is purely one of law, judgment must of necessity be granted to the party prevailing on the legal issue. In this case, that is defendant, Joseph L. Kintz.

Defendant also raised an issue concerning the effect of Nationwide's position as insurer of both Joseph L. Kintz and Mark Forguson on its right to subrogation. The discussion above makes consideration of that issue unnecessary. We express no opinion on the merits of defendant's argument.

## ORDER OF COURT

And now, July 21, 1983, for the reasons appearing in the opinion filed this date, judgment is granted to defendant, Joseph L. Kintz.