J-A08026-16

2016 PA Super 274

PROFESSIONAL FLOORING COMPANY, INC.

    Appellant

  v.

BUSHAR CORPORATION

APPEAL OF: ROSE LINE, INC.

IN THE SUPERIOR COURT OF PENNSYLVANIA

No. 1594 EDA 2015

Appeal from the Order Entered April 21, 2015
in the Court of Common Pleas of Montgomery County
Civil Division at No(s): 05-20924

BEFORE: BOWES, OLSON, and STRASSBURGER,* JJ.

DISSENTING OPINION BY STRASSBURGER, J.: **FILED DECEMBER 06, 2016**

   Although not binding on this Court, I find persuasive the cases cited by Appellant on the issue of whether Brethren is entitled to subrogation when the fees and costs assessed by the Claims Administrator exceeded the insurance payment. In **_Nationwide Mut. Ins. Co. v. Butler_**, 28 Pa. D. & C. 3d 627 (Westmoreland Cty. 1983), Nationwide issued an automobile insurance policy to Butler which provided $15,000 in basic loss benefits and $10,000 in supplemental work coverage. Following an automobile accident, Nationwide paid Butler $15,000 and an additional $8,348.83 in work loss benefits. Butler sued the tortfeasor and, following a non-jury trial, verdict was entered on Butler's behalf in the amount of $165,000. The tortfeasor's insurance company paid its policy limit of $25,000 and the action was settled and discontinued. Nationwide then initiated an action in assumpsit,

*Retired Senior Judge assigned to the Superior Court.

requesting reimbursement in the amount of $8,348.83. The matter was heard by the trial judge, the Honorable Joseph A. Hudock, prior to his elevation to this Court. Sitting non-jury on stipulated facts, he held that Nationwide was not entitled to subrogation where Butler was not "made whole." The court explained as follows.

> This court agrees with [Nationwide] that the Pennsylvania No-fault Act provides for a right of subrogation when the victim recovers for economic losses above the basic loss benefits. The problem here, however, is that it cannot be said that the [Butler] has made a recovery for "economic losses" when he has only received $25,000 from the tortfeasor and his economic and non-economic losses are in the amount of $165,000. Had [Butler] received the full amount of his verdict from the tortfeasor, this court would have no difficulty in finding that [Nationwide] is entitled to reimbursement for the amount of additional work loss benefits it paid to [Butler].
>
> General principles of subrogation law must be studied in order to determine the issue. Subrogation is intended to be used to avoid a double recovery by the insured victim. Most courts in determining reimbursement rights of the insurer limit the recovery against the insured to the amount by which the sum received by the insured from the wrongdoer, together with the insurance payments made, exceeds the loss and expense incurred by the insured in realizing the claim against the wrongdoer. See 44 Jur 2d Insurance §1820. Generally speaking, the insured is first entitled to be compensated for his total loss before the right of subrogation attaches. In **Willard v. Automobile Underwriters, Inc**., 407 N.E. 2d 1192 (Inc. App. 1980) the insured was injured in an automobile accident and brought suit against the negligent driver. Judgment was entered in the sum of $15,000. The victim's insurer, which had paid the victim $9,000 in benefits for lost wages, claimed that it was entitled to $9,000 of the damage award pursuant to its right of subrogation. The court, in holding against the insurer's position, stated:
>
> > The general rule applicable to actions based on the ground of subrogation is that the right does not exist

> unless the whole debt has been paid . . . Even if a surety is liable for only part of the debt and pays that part for which he is liable, he cannot be subrogated until the whole demand or debt is satisfied.

> Here, since [Butler] has not been made whole since his loss has been determined to be $165,000, and his recovery has only been $48,348.83 ($25,000 from the tortfeasor plus $23,348.83 in work loss benefits from [Nationwide]). Thus, no right of subrogation arises.

*Id.* at 630–31.

Similarly, in **Nationwide Mutual Insurance Co. v. Kintz**, 27 Pa. D. & C. 3d 164 (Cumberland Cty. 1983), the Honorable Dale F. Shughart held that Nationwide was not entitled to subrogation in the amount of $15,000 in uninsured motorist benefits where no "excess fund" existed after Kintz paid his costs and attorneys' fees. In granting Kintz's motion for judgment on the pleadings, the court held as follows.

> [T]he only material fact is the amount which [Kintz] expended to recover his $129,870.00 verdict. Paragraph 27 of the [Kintz's] answer with new matter puts the cost at $46,469.97 ($43,840 attorney's fees plus $2,629.97 other expenses). This allegation is admitted in [Nationwide's] reply.

> Since this sum exceeds the $15,000 Nationwide paid [Kintz] as an uninsured motorist benefit, there is no excees fund to which Nationwide has a subrogation right. [Kintz's] net recovery in his survival and wrongful death actions was $83,400.03 ($129,870 verdict less $46,469.97 expenses). That $83,400.03 plus the $15,000 uninsured motorist benefits paid by Nationwide brings his total compensation to $98,400.03. This sum is less than the loss that the jury determined that he sustained. Hence, [Kintz] has not been made whole, and for this reason Nationwide's subrogation claim must fail.

*Id.* at 168.

Instantly, Appellant's total gross loss was valued at $135,205. Appellant's gross award from the Claims Administrator was $145,477.30. However, as the Majority's footnote 8 points out, after deduction of $41,305.12 in costs and fees, Appellant's net award is reduced to $104,172.18, an amount far under the value of its gross loss. Accordingly, because Appellant has not been made whole, Brethren should not be entitled to subrogation. Thus, I respectfully dissent.