MARYLAND CASUALTY COMPANY OF BALTIMORE, MARYLAND, *v.* CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY.

[No. 9,918.   Filed November 6, 1919.   Rehearing denied March 16, 1920.   Transfer denied November 30, 1920.]

1.   SUBROGATION.—*Creation of Right.—Payment of Whole Debt.* —As a general rule the right of subrogation does not exist unless the whole debt involved has been paid, and this rule applies to conventional as well as legal subrogation unless the contract by which such right is created provides otherwise. p. 276.

2. MASTER AND SERVANT.—*Workmen's Compensation.—Subrogation of Insurer.*—An insurer that by its policy has stipulated for a right of subrogation to the rights of the employer only in case of payment and to the extent of payment of loss or expense under the policy, cannot maintain an action on the theory of being subrogated to the employer's right of action conferred by §13 of the Workmen's Compensation Act (Acts 1915, p. 395, §80201 *et seq.* Burns' Supp. 1918), before having paid in full the whole liability fixed by the award of the Industrial Board. p. 276.

From Marion. Superior Court (102,212) ; *Vincent G. Clifford,* Judge.

Action by the Maryland Casualty Company of Baltimore, Maryland, against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*James E. Rocap,* for appellant.

*Frank L. Littleton* and *Forrest Chenoweth,* for appellee.

BATMAN, C. J.—This is an action by appellant against appellee to recover certain expenditures alleged to have been paid out by appellant, as the insurance carrier of the Dunn-McCarthy Company, an employer in the State of Indiana, for injuries received by one Henry Harvey, an employe of said company. The complaint alleges in substance, among other things, that appellant is a liability insurance corporation, and as such is entitled and permitted to write employers' liability and workmen's compensation insurance in the State of Indiana; that appellee is a railway corporation, and as such operates a railway system in the city of Indianapolis in said state; that on September 28, 1915, the Dunn-McCarthy Company was engaged in the construction of a sewer, which was a part of the general plan for the elevation of the railroad tracks in said city; that in constructing said sewer it become necessary for the em-

274    APPELLATE COURT OF INDIANA,

Md. Casualty Co. *v.* Cleveland, etc., R. Co.—74 Ind. App. 272.

ploves of said company to use the right of way of appellee; that appellee knew such fact, and had expressly permitted such use for said purpose; that one of the employes of said company on said work was Henry Harvey; that said company elected to accept the provisions of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), and made application to appellant for the issuance of a workmen's compensation and employer's liability policy; that, in pursuance of such application, appellant, on or about September 1, 1915, issued to said company its compensation policy, by the terms of which it agreed to pay on behalf of said company all sums of money to become due from it to any injured employe, as provided by the compensation law of said state, and to pay for all medical and hospital services required by said injured employe, as provided by said law; that a copy of said policy is filed herewith, marked "Exhibit A," and made a part hereof; that by condition "H" of said policy, and by virtue of the Workmen's Compensation Act of said state, appellant became subrogated to the rights of said Dunn-McCarthy Company, or any employe thereof covered by said policy, for the payment of any loss or expense due to the injury of any employe of said company; that, on or about September 28, 1915, Henry Harvey, an employe of said company, received an injury in the course of his employment, by and through the negligence of appellee. (Here follow allegations of the specific acts on which appellant bases its charge of negligence on the part of appellee, resulting in the injury to said Harvey, and the extent thereof, but the same are omitted here as they are not essential to an understanding of the question determined). Said complaint further alleges in substance, among other things, that thereafter said Harvey elected to claim compensation as provided by the Workmen's Compensation Act

of Indiana, that on December 19, 1915, he filed a petition against said Dunn-McCarthy Company before the Industrial Board of said state, and thereafter, on or about December 24, 1915, said board awarded him compensation, and ordered said company to pay him for a period of 143 weeks, the sum of $13.20 weekly, as compensation for the injuries sustained by him; that said company and appellant, by virtue of the Workmen's Compensation Law of said state, were obligated to pay for all medical and hospital services for the first thirty days of said injury, and that, by virtue of the provisions of said act, appellant became liable to said Harvey for the payment of the compensation awarded him by said board as aforesaid; that by the terms of its policy, issued to said company, and by virtue of said Workmen's Compensation Act, *supra,* it is obligated to pay all losses and expenses sustained, or to be sustained, by said company, by reason of the aforesaid injuries to said Harvey; that appellant has performed all the conditions imposed upon it by the terms of the policy; that by reason of said injuries to said Harvey, and by reason of the terms and conditions of said policy, appellant has paid, for and on behalf of said Dunn-McCarthy Company, the sum of $63 for hospital services and $102 for medical attention, and is obliged to pay as compensation to said Harvey the sum of $1,887.60. The complaint concludes with a demand against appellee for judgment in the sum of $2,052.50 and costs, and for all other proper relief.

To this complaint appellee filed a demurrer for want of facts, with the statutory memorandum, which was sustained. Appellant refusing to further plead, judgment was rendered against it. It now prosecutes this appeal, and has assigned the action of the court in sustaining appellee's demurrer to its complaint as the sole error on which it relies for reversal.

276    APPELLATE COURT OF INDIANA,

Md. Casualty Co. v. Cleveland, etc., R. Co.—74 Ind. App. 272.

It is a general rule applicable to actions based on the ground of subrogation that such right does not exist unless the whole debt involved has been paid. 37 Cyc 379; *Miami County Bank* v. *State, ex rel.* (1916), 61 Ind. App. 360, 112 N. E. 389; *Hunter* v. *First Nat. Bank* (1909), 172 Ind. 62, 87 N. E. 734; *Bank, etc.* v. *Lorwein* (1905), 76 Ark. 245, 88 S. W. 919, 6 Ann. Cas. 202; *Receivers, etc.* v. *Wortendyke* (1876), 27 N. J. Eq. 658; *Bartholomew* v. *National Bank* (1897), 57 Kan. 594, 47 Pac. 519; *Knaffl* v. *Knoxville, etc., Trust Co.* (1915), 133 Tenn. 655, 182 S. W. 232, Ann. Cas. 1917C 1181; *Columbia, etc., Trust Co.* v. *Kentucky, etc., R. Co.* (1894), 60 Fed. 794, 9 C. C. A. 264; Note to *American Bonding Co.* v. *National, etc., Bank Co.*, 99 Am. St. 482. This rule applies to conventional as well as legal subrogation, unless the contract by which such right is created provides otherwise. Sheldon, Subrogation (2d ed.) §248; *Loeb* v. *Fleming* (1884), 15 Ill. App. 503; *Springer* v. *Foster* (1901), 27 Ind. App. 15, 60 N. E. 720; *Stuckman* v. *Roose* (1897), 147 Ind. 402, 46 N. E. 680.

In the instant case appellant is seeking to be subrogated to the right of action conferred on the said Dunn-McCarthy Company against appellant, by §13 of the Workmen's Compensation Act, *supra*. It bases this right on clause "H" of the policy in suit, which reads as follows:

"In case of the payment of loss or expense under this policy, the Company shall be subrogated to all the rights of this employer or any employee or dependent covered hereby to the extent of such payment, and this employer shall execute all papers required and shall cooperate with the Company to secure such rights."

This provision must be considered in connection with the other portions of said policy, and when this is done

it is apparent that it should be construed as an attempt to confer the right of subrogation on appellant, only in the event it has paid the whole liability due in any given case, and not an attempt to provide for subrogation *pro tanto*. *Knaffl* v. *Knoxville, etc., Trust Co., supra.* It will be observed that appellant has alleged in its complaint, in substance, that the Industrial Board awarded the injured employe, Harvey, weekly compensation in the sum of $13.20 for 143 weeks, and ordered his employer, the Dunn-McCarthy Company, to pay the same, together with all medical and hospital services for the first thirty days of the said Harvey's injuries; that by reason of the terms of its said policy issued to said Dunn-McCarthy Company, and by virtue of the Workmen's Compensation Act, *supra,* it is obligated to pay all losses and expenses sustained or to be sustained by said company, by reason of the aforesaid injuries to said Harvey; that it has paid for and on behalf of said Dunn-McCarthy Company the sum of $165 for medical and hospital services rendered said Harvey, and is obliged to pay him as compensation the sum of $1,887.60. It thus appears on the face of the complaint that the whole liability due said Harvey has not been paid; and that, as to the weekly compensation, appellant has only acknowledged liability therefor. Under the rule stated above, this fact alone is a sufficient ground to deprive appellant of the right of subrogation, even if it otherwise existed in his favor. Appellee has challenged the right of appellant to be subrogated under the facts stated, regardless of the question herein determined, but we find it unnecessary to consider or determine such contention because of the defect in the complaint indicated above. For the reason stated, we conclude that the court did not err in sustaining appellee's demurrer to the complaint. Judgment affirmed.