NOVEMBER TERM, 1922.          395

Wabash, etc., Light Co. *v.* Home Tel. Co.—79 Ind. App. 395.

## WABASH WATER AND LIGHT COMPANY *v.* HOME TELEPHONE COMPANY.

### [No. 11,480.   Filed March 15, 1923.]

1. MASTER AND SERVANT.— *Workmen's Compensation Act.— Award against Employer.—Recovery by Employer from Third Party.*—Under the Workmen's Compensation Act, §13, (§8020w Burns' Supp. 1921, Acts 1919 p. 158), providing that an employer, having paid compensation or having become liable therefor, may collect, in his own name or in the name of the injured employe, from the person in whom the liability for the injury exists, the compensation paid or payable to the injured employe, the employer may recover not only the amount of money he has already paid, but also that for which he has become legally liable. p. 399.

2. MASTER AND SERVANT.—*Injuries to Servant.—Master's Action to Recover Compensation Award.— Evidence.— Compensation Agreement.*—In an employer's action against the party alleged to have caused the death of an employe to recover the amount of a compensaticn award, the admission in evidence of a compensation agreement between the employer and the deceased employe's dependent, approved by the Industrial Board under the Workmen's Compensation Act, §57, (§8020o2 Burns' Supp. 1921, Acts 1917 p. 227) and having the effect of an award, was not erroneous, in view of instructions that the compensation agreement was competent only upon the issue as to whether an award had been made against the employer and the amount thereof. p. 399.

3. APPEAL.— *Questions Reviewable.— Instructions.— Failure to Except.—Statutes.*—Where instructions were marked merely "given" or "refused," together with the date and the name of the trial judge, instead of "refused and excepted to" or "given and excepted to," as required by §560 Burns 1914, §535 R. S. 1881, no question is presented for review on appeal as to the giving and refusing of such instructions. p. 400.

4. APPEAL.—*Briefs.—Questions Presented.—Failure to Discuss Errors under Points and Authorities.*—Where appellant fails to discuss alleged error in the giving and refusing of instructions, under the points and authorities in his brief, no question with reference to the instructions is presented for review on appeal. p. 400.

From Wabash Circuit Court; *Albert Ward,* Special Judge.

Action by the Home Telephone Company against the Wabash Water and Light Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*A. H. Plummer* and *Franklin W. Plummer,* for appellant.

*H. N. Hipskind* and *N. G. Hunter,* for appellee.

NICHOLS, C. J.—Action by appellee for money alleged to be due from appellant which appellee was required to pay to the heirs of one Frank Elshire who was killed while in the employ of appellee as a line repairman.

A demurrer was sustained to the first paragraph of complaint and overruled to the second. This last ruling of the court and the action of the court in overruling appellant's motion for a new trial are each assigned as error.

The second paragraph of complaint is in substance as follows: Appellee owns and operates a telephone exchange in the city of Wabash, Indiana, and has its principal office in the city of Wabash. Appellant owns and operates an electric lighting and power plant in said city. Appellee has constructed and maintained a system of telephone wires on poles along the streets and alleys of said city by the permission of the municipal authorities. Appellant has constructed and maintained along the streets and alleys of said city by permission of the municipal authorities a system of poles and wires for distributing electricity for lighting and power purposes. By agreement between said companies appellant had been permitted to connect certain of its wires with and suspend the same from contact on certain of appellee's poles in said city on which appellee also maintained and suspended its wires as a part of its exchange. That on and prior to November 15, 1918, appellee had maintained a telephone pole with wires on Court street between Hill and Main streets in said city on which said

NOVEMBER TERM, 1922. 397

Wabash, etc., Light Co. *v.* Home Tel. Co.—79 Ind. App. 395.

pole appellant had maintained one of its wires used in the distribution of electric current as aforesaid. This wire was charged with 2,300 volts of electricity and was therefore dangerous to anyone who might come in contact with any exposed portion thereof. To protect persons from being injured from contact therewith it was necessary that such wires be well insulated which was well known by appellant who pretended to keep said wires so insulated as to prevent injury to anyone who might come in contact therewith. It was necessary for appellee's employes to climb appellee's said telephone pole to make repairs to appellee's wires and in making such repairs he was compelled to work in close proximity to appellant's wires on said pole which appellant well knew. Appellant also knew that it was necessary for it to have said wires well insulated in order to protect appellee's employes against danger from contact therewith. Appellant negligently permitted its said wires, at the place of contact aforesaid, to become out of repair and the insulation thereof to become so removed as to expose the wire so that if appellee's employes should come in contact with it they would be shocked and injured and their lives endangered, and such wire was in such exposed and uninsulated condition on November 15, 1918. On said date it became necessary for said Frank Elshire as an employe of appellee to climb said pole for the purpose of making needed repairs to appellee's wires and he did so climb said pole for said purpose and while thereon he came in contact with appellee's said wire at a place where said insulation had become removed and was thereby shocked by the electric current and killed, all because of appellant's negligence as aforesaid. Compensation for said injuries was awarded to and accepted by the family of said Elshire and appellee was required to make and did make compensation therefor according to the provisions of the

398    APPELLATE COURT OF INDIANA,

Wabash, etc., Light Co. *v.* Home Tel. Co.—79 Ind. App. 395.

Act of the General Assembly of the State of Indiana, approved March 8, 1915, known as the Workmen's Compensation Act. Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921. That appellee, by its settlement with· the widow of said Elshire on her own account and on account of his children, according to the provisions of said Workmen's Compensation Act became liable and obligated to pay to and for the benefit of said widow and children $3,500 in installments as provided by said act. Appellee has paid said installments as they have become due and is still liable for and will pay those yet to become due. Appellee is required to pay said sum wholly on account of appellant's negligence as above set out, and that the right of action of said dependents against appellant to recover damages to the extent of the indemnity paid by appellee, and for which it is yet liable to pay has been transferred to appellee who is entitled to recover of appellant the sum it has been and will be compelled to pay to the dependents of such Elshire, to wit: $3,500. There was a prayer for judgment for $4,000.

After answer in denial by appellant there was a trial by jury resulting in a verdict for appellee in the sum of $725, with a finding that appellee is entitled to recover of and from appellant all future payments which appellant shall be required to make to the dependents of Frank Elshire, deceased, under the award of the Industrial Board of Indiana.

Appellant, contending that the court erred in overruling its demurrer to the complaint, says that such complaint shows by its terms that the entire amount of the award has not been paid, that the action is for subrogation and .that it will not lie until the entire debt has been paid. Citing as authorities, *Maryland Casualty Co.* v. *Cleveland, etc., R. Co.* (1919), 74 Ind. App. 272, 124 N. E. 774; *Miami County Bank* v. *State, ex rel.·*

NOVEMBER TERM, 1922.    399

Wabash, etc., Light Co. *v.* Home Tel. Co.—79 Ind. App. 395.

(1916), 61 Ind. App. 360, 112 N. E. 40; *Springer* v. *Foster* (1901), 27 Ind. App. 15, 60 N. E. 700; *Rooker* v. *Benson, Admr.* (1882), 83 Ind. 250; *Stuckman* v. *Roose* (1897), 147 Ind. 402, 46 N. E. 680. But an examination of these authorities discloses that they are not in point for the reason that they involved the principle of subrogation, while the question here involved is that of a statutory right of, not of the insurance company, but of the employer.

Section 13 of the Workmen's Compensation Act being §8020w Burns' Supp. 1921, Acts 1919 p. 158, provides:

1. "Whenever an injury or death, for which compensation is payable under this act, shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, * * * and if compensation is awarded and accepted under this act, the employer, having paid compensation *or having become liable therefor*, may collect in his own name or in the name of the injured employee or, in case of death, in the name of his dependents from the other person in whom the liability for damages exists, the compensation paid *or payable* to the injured employee or his dependents." (Our italics.)

It clearly appears from this section of the statute that an employer against whom compensation has been awarded may recover, not only for the amount of money which he has already paid, but also that for which he has become legally liable. *Bauer* v. *Rusetos & Co.* (1923), 306 Ill. 602, 138 N. E. 206. There was no error in overruling appellant's demurrer to the complaint.

Appellant contends that it was reversible error for the court to permit appellee to read in evidence the compensation agreement entered into between appel-

2. lee company and the widow of Frank Elshire, deceased. This agreement was approved by the

Industrial Board and as such has full force and effect as an award. §8020o2 Burns' Supp. 1921, Acts 1917 p. 227; *Pedlow* v. *Swartz Electric Co.* (1918), 68 Ind. App. 400, 120 N. E. 603. The jury was expressly instructed that this compensation agreement should be considered only for the purpose of considering as to whether an award had been made in the case and fixing the amount thereof. The court instructed the jury to consider it for no other purpose. With this limitation by the court there was no error in admitting in evidence such compensation agreement as approved by the Industrial Board.

Appellant presents no question with reference to the instructions for the reason that there was no proper memorandum endorsed upon each of such instructions, given or refused. The statute expressly requires that a writing on the margin of the instruction shall be a "Refused and excepted to" or "Given and excepted to" and that such memorandum shall be signed by the judge and dated. §560 Burns 1914, §535 R. S. 1881. A memorandum as follows: "Given November 12, 1921, Albert Ward" or "Refused November 12, 1921, Albert Ward," does not comply with this section of the statute. No error is presented with reference to said instructions for the further reason that appellant has failed to discuss them under points and authorities, or to cite any authorities pertaining to the same.

The evidence is sufficient to sustain the verdict, and the verdict is not contrary to law. Judgment affirmed.