[Civ. No. 7282. Second Appellate District, Division One.—June 16, 1932.]

J. MERINO, Respondent, v. PACIFIC COAST BORAX COMPANY (a Corporation), Appellant.

Joe Crider, Jr., and Elber H. Tilson for Appellant.

J. B. Joujon-Roche and Frank J. Barry for Respondent.

TAPPAAN, J., *pro tem.*—Plaintiff recovered judgment before the trial court and defendant appeals from the judgment, and also from the order denying its motion for a new trial.

The cause of action, as stated in plaintiff's complaint, is one based upon the provisions of section 26 of the Workmen's Compensation Act (Stats. 1917, p. 831, as amended Stats. 1927, p. 1213). This section provides as follows: "The claim of an employee for compensation shall not affect his right of action for damages arising out of injury or death against any person other than the employer; and any employer having paid, or having become obligated to pay compensation, may likewise bring an action against such other person to recover said damages."

The facts involved are comparatively simple and, in so far as material to the questions presented upon this appeal, are admitted or supported by uncontroverted evidence. Plaintiff, at a date prior to the accident here involved, had contracted with defendant to sack ground clay from storage tanks constructed and maintained by defendant at its mining and refining plant situated at Death Valley Junction, California. The clay, after being ground in mills, was then transported by a screw conveyor to storage tanks. The storage tanks were eleven feet in diameter at the top. Ten feet from the top, the tank became conical, the height of the cone being eight or nine feet, and the apex of the cone, at the bottom of the tank, was about four feet from the surface of the ground. At the apex of the cone, and directly underneath the tank, provision was made to draw off the

clay from the tank and into sacks. It was necessary for the workmen engaged in filling the sacks with clay to work underneath the tanks. The tanks were equipped with a compressed air appliance to loosen the clay in the tanks. The filling of the tanks with the clay, and the operation of the compressed air to loosen the clay in the tanks, was done by and under the direction and control of the defendant. Plaintiff's contract required that he fill the sacks with clay taken from the tanks and either load the sacks so filled upon cars, or store them as directed by defendant. One de la Mora, an employee of plaintiff, while engaged underneath one of the tanks in filling sacks with clay from the tank, was killed by the collapse of the tank. Defendant's superintendent testified: ''that the cone bottom of the tank had telescoped, collapsed and let the tank down''. There was also evidence that the tanks were originally designed to hold borax, and that borax was of lighter weight than the ground clay they contained at the time of the accident here involved.

After the happening of the accident, above referred to, a dependent of de la Mora filed an application for adjustment of claim for compensation for his death before the Industrial Accident Commission of the state of California. In said claim, so filed, appellant and its insurance carrier were named defendants. Thereafter, at the instance of appellant, respondent was made a defendant in the proceeding. The application was regularly heard by the commission, appellant and its insurance carrier were dismissed as defendants, and an award of $4,408.95 was approved and made in favor of the claiming defendant. The award thus made included an attorney's fee and provided for payment in weekly installments.

Respondent's complaint, in so far as material here, alleges the agreement to sack the clay, the death of de la Mora by reason of the collapse of the tank, the award of the Industrial Accident Commission, negligence by reason of a failure to keep and maintain the tank in a safe condition, the obligation upon plaintiff to pay the award made by the Industrial Accident Commission, the incurring of special damages in connection with the hearing before the Industrial Accident Commission, and by way of attorney's fees in the instant action.

The answer of appellant, the defendant below, after denying that the tanks at the time of the accident were under its control or that it failed to keep and maintain them in a safe condition, alleges that the tanks at the time of the accident were controlled and operated by respondent. The answer also alleges that the accident complained of was the result of "inevitable and unavoidable accident"; was caused by the negligent act of respondent; was caused by the negligent act of respondent's employee, de la Mora.

Appellant's first assignment of error is that the evidence fails to support the judgment, in that there is no proof upon which the trial court could make a finding as to the amount of damages. From the findings of fact made by the trial court herein, it appears that the first element of damage recognized was that arising from the award made by the Industrial Accident Commission fixing respondent's liability to pay compensation in an amount duly specified in the said award. Section 26 of the Workmen's Compensation Act, *supra,* provides, in actions of this character, that: "If the suit be prosecuted by the employer alone evidence of any expenditure which the employer has paid or become obligated to pay by reason of said injury or death shall be admissible, and such expenditures shall be deemed a part of the damages, including a reasonable attorney's fee to be fixed by the court; . . . " ▪ Appellant contends that it is not bound by the award, as the award in express terms relieved appellant from all liability asserted in the proceedings, and, therefore, by the terms of the award, the amount of compensation respondent is required to pay may not properly be considered as an element of damage in this action. In other words, the contention is that the findings and award of the Industrial Accident Commission do not constitute a judgment, and the matters in them contained are not *res judicata* as to appellant. Appellant was a party to the proceeding instituted before the commission and directly responsible for the joining of respondent here as a party defendant in the proceeding. Upon the issue, as presented to the commission, appellant was found to be not liable, and the award so states. The appellant was a party to the proceedings and not a stranger, nor one merely nominally interested. That the award duly made by the Industrial Accident Commission, under the circumstances here present, has the force and

effect of a judgment is a well-established rule of law in this jurisdiction. (*Western Metal Supply Co.* v. *Pillsbury,* 172 Cal. 407, 412 [Ann. Cas. 1917E, 390, 156 Pac. 491]; *Thaxter* v. *Finn,* 178 Cal. 270, 274 [273 Pac. 163]; *Williams* v. *Southern Pacific Co.,* 54 Cal. App. 571, 574 [202 Pac. 356].)

The record presented here shows that the appellant was a party to the proceeding had before the Industrial Accident Commission and had notice of the proceeding and its nature. It appeared therein and its rights under the terms of the act were considered at the hearing, and an adjudication of its rights was made by the commission, as the award made conclusively shows. The right of the appellant to appear, as it did in the proceeding, is unquestioned. Under the very terms of the Workmen's Compensation Act the right to maintain the instant action is expressly saved and a rule of damages established which directly affects the rights of appellant. The appellant was an interested party in the proceeding.

"It is a general principle that where one person is responsible over to another, either by operation of the law or express contract, and he is duly notified of the pendency of the suit against the latter and afforded a full opportunity to defend, the judgment if obtained without fraud or collusion will be conclusive against him in favor of the indemnitee whether he appeared or not." (15 Cal. Jur., p. 203.) No question of fraud or collusion is present here.

"Every presumption is in favor of the validity of the judgment, and any condition of facts consistent with the validity of the judgment will be presumed to have existed, rather than one which will defeat the judgment." (*Canadian etc. Co.* v. *Clarita Land & Inv. Co.,* 140 Cal. 672, 674 [74 Pac. 301, 302].)

Of the authorities cited by appellant it should be noted that none of them involves the effect of an award toward a third party, who had notice of an application for compensation arising from injuries for which the third person might be held liable in a subsequent action, such as the one here involved. Though there may be some question as to the admissibility of the amount of the award under a strict construction of the doctrine of *res judicata,* there can be no question that it was admissible under the express terms of section 26 of the Workmen's Compensation Act, in that it

established an expenditure which the employer was obligated to pay. The amount of such expenditure, under the circumstances presented here, appellant cannot question upon this appeal.

██ Appellant next contends that there "was no negligence whatsoever shown on the part of the Pacific Borax Company (appellant)". This contention of appellant is not supported by the record. It is not questioned that the death of de la Mora resulted from the collapse of the tank, which tank was controlled, repaired and maintained by appellant. It is also conceded that the clay was placed in the tank by appellant. There is evidence that the tank in question at the time of the accident was equipped with compressed air to assist in the removal of the clay from the tank, and that appellant had control of this equipment. The evidence also shows that neither respondent nor his employee, de la Mora, the man who was killed, made use of hammers or bars to loosen the clay in the tank by pounding upon the tank. It appears that de la Mora, at the time of the accident, was engaged underneath the tank in filling the sacks with clay by means of the valves installed and maintained by appellant for that express purpose. ██ It is respondent's theory of the case that the evidence here present constitutes a *prima facie* case of negligence as against appellant, under the doctrine of *res ipsa loquitur*.

"It is elementary that the maxim *'res ipsa loquitur'* translated means simply 'the thing, or affair, speaks for itself.' The courts of this state have long since adopted the rule as expressed in 1 Shearman & Redfield on Negligence, sixth edition, page 132, viz.: 'Where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of proper care.' . . . " (*Michener* v. *Hutton*, 203 Cal. 604, 607 [59 A. L. R. 480, 265 Pac. 238, 239].) There is no evidence that respondent or his employee, de la Mora, were guilty of negligence. In the absence of evidence to the contrary, it is presumed that the deceased exercised due and proper care. (*Crabbe* v. *Mammoth Channel G. Min. Co.*, 168 Cal. 500, 506 [143 Pac. 714]; Code Civ. Proc., sec. 1963,

subd. 4.) Appellant seeks to distinguish the instant case from cases in which the doctrine of *res ipsa loquitur* is applicable by contending that the tank in question was under the control of respondent at the time of the accident; the basis of this contention being that, at the time of the accident, respondent was engaged in the removal and sacking of the clay contained therein. The evidence fails to sustain appellant's contention. It is true, respondent's employee at the time of the accident was filling sacks from the tank, but in doing this he was merely making use of the instrumentality controlled and maintained by appellant. The use was a contemplated function of the tank, as controlled and maintained by appellant, and there is no evidence of misuse or negligent use on the part of the deceased. The structure failed during a time when it was being used in the manner and under the conditions which appellant, at least, impliedly authorized. Neither respondent nor his employee, the deceased, had control or management of the structure of the tank at any time, merely a right of use. There is nothing in the record to show that the use was other than that impliedly authorized. Under similar circumstances the doctrine of *res ipsa loquitur* has been upheld by our courts. (*Ingalls* v. *Monte Cristo etc. Co.*, 23 Cal. App. 652, 662 [139 Pac. 97] ; *Van Horn* v. *Pacific Refining & Roofing Co.*, 27 Cal. App. 105 [148 Pac. 951].)

 Appellant contends that the trial court committed error in that it allowed respondent the sum of $500 as an attorney's fee in the instant action. Section 26 of the Workmen's Compensation Act, *supra,* provides in part as follows:

''If the suit be prosecuted by the employer alone, evidence of any expenditure which the employer has paid or become obligated to pay by reason of said injury or death shall be admissible, and such expenditures shall be deemed a part of the damages, including a reasonable attorney's fee to be fixed by the court'';

The ''expenditure'' referred to in the above-quoted section is, by the terms of the section itself, limited to arise ''by reason of said injury or death'' of the employee. The ''including a reasonable attorney's fee'', therefore, refers directly to expenditure arising ''by reason of said injury or death'', which, in the instant case, refers to the award made by the Industrial Accident Commission, and which included in its terms an attorney's fee. The judgment rendered

herein should be modified by striking therefrom the sum of $500 allowed by way of attorney's fee.

■ The fact that respondent has failed to pay the compensation awarded is not a defense available to appellant here. We have been cited to no provision of law or other authority creating any such defense. The question is no concern of appellant, but a matter between respondent and the dependent to whom the compensation was awarded.

■ Appellant's last specification is that plaintiff is only entitled to judgment for an amount equal to the amount of payment due under the award at the time the judgment is rendered. Section 26 of the Workmen's Compensation Act provides: "Any employer having paid, or *having become obligated* to pay compensation, may likewise bring an action against such other person to recover damages". The right of recovery is statutory and is to be distinguished from cases involving subrogation. (*Wabash Water & Light Co.* v. *Home Tel. Co.*, 79 Ind. App. 395 [138 N. E. 692].)

The act expressly provides that the employer may recover the amount he is obligated to pay, and the award having fixed this obligation, he is entitled to recover the amount so fixed. No limitation upon this right to recover is to be found in the act nor has any other authority to that effect been found or cited.

The purported appeal from the order denying a new trial is dismissed. The judgment, as modified by striking therefrom the sum of $500 allowed by the trial court as attorney's fees, is affirmed. The parties, respectively, shall bear their own costs. (Code Civ. Proc., sec. 1027.)

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 12, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 15, 1932.