NEW JERSEY EQUITIES COMPANY, Plaintiff, *v.* HENRY MANDEL, Defendant.

Supreme Court, Special Term, New York County, June 23, 1942.

*Cohn & Cohn*, for the plaintiff.

*Hamerman & Caminez* [*Leon Caminez* and *Joseph Hamerman* of counsel], for the defendant.

EDER, J. This is a motion by plaintiff for summary judgment. This action is brought to recover the sum of $25,449.98. The plaintiff is the assignee of the New Jersey Fidelity and Plate Glass Insurance Company, in liquidation. This concern executed a surety bond in the sum of $100,000 to Bertha W. Mandel, the former wife of the defendant. It is dated December 6, 1929, made by the defendant as principal and said surety company as surety and said Bertha W. Mandel as obligee. The mentioned sum sued for represents moneys paid to her under and by reason of said surety bond and a certain alimony agreement between her and the defendant dated said December 6, 1929, and a certain interlocutory decree of divorce entered in this court, in Nassau county, in favor of said Bertha W. Mandel as plaintiff, and against the defendant, made on December 26, 1929, and which became final and absolute on or about March 26, 1930.

The bond given by the said surety company was conditioned for the faithful fulfillment of the monetary obligations of the decree to be entered in the divorce proceeding embracing the terms of said alimony agreement, namely, to pay and make good to the wife the payment of any and all of the sums and instalments for which the husband might be in default and arrears of payment aggregating payments for three months at any and all times during the lifetime of the wife. By the decree of this court in said divorce action it was provided that the aforesaid agreement of December 6, 1929, and the aforesaid bond dated the same date were made a part of said decree.

The complaint herein is composed of three causes of action to recover moneys paid by the surety to the defendant's former wife upon defendant's failure to make such payments and his default in doing so. On or about March 1, 1932, the surety paid to the defendant's former wife the sum of $8,124.99 and she thereupon executed an assignment to it in consideration of said payment and the payments aggregating this sum with authority to institute suit therefor. That is the first cause of action. The second cause of action is the same as the first with the exception that it seeks to recover the payments made by the surety to the wife for other periods, and she executed a like assignment with respect to it.

The third cause of action is to recover for the third payment made by the surety on behalf of the defendant in the sum of $13,750 on March 13, 1936. The defendant agreed to indemnify the surety against loss and deposited certain collateral as security. Apparently resort to it has not been made.

The defendant admits the execution of such an agreement, but not the pleading of it according to its legal effect.

Under the terms of the alimony agreement, which, as stated, was made part of the decree of divorce, the defendant was to pay his wife the sum of $30,000 per annum for her maintenance and support during her lifetime and the further sum of $2,500 per annum for the maintenance, support and education of one child during its minority and a further sum of $1,250 for a like purpose for another child. All of such payments were to be made in equal monthly instalments.

The defendant failed to make the payments that became due on May 10, 1932. On May 28, 1932, the surety company was taken over by the New Jersey State Commissioner of Banking and Insurance for liquidation because of its insolvency. The defendant continued his defaults thereafter and failed to make any alimony payments up to July 7, 1933, and as a result was punished for contempt. He was arrested in May, 1933, and remained incarcerated until his discharge on July 7, 1933, under an order made by this court in said divorce action, dated that day. That order among other things modified the decree with respect to alimony payments to be paid on and after July 7, 1933, but with respect to the alimony that accrued up to July 7, 1933, it did not relieve the defendant of the payment thereof. The order further provided that beginning November 6, 1933, the defendant should in addition pay to the former wife, as plaintiff, the sum of ten dollars per week on account of the arrears of alimony due to her under said decree until such arrears were fully paid.

The defendant was adjudicated a bankrupt on March 12, 1932, upon a voluntary petition in which he listed the surety company among his creditors and it had notice of said bankruptcy. He was granted a discharge in bankruptcy on May 5, 1933.

The answer, in addition to raising the general issue, pleads three separate defenses: (1) The Statute of Limitations; (2) that the order of July 7, 1933, modifying the decree as to alimony payments, directed payment of the arrears at the rate of ten dollars per week and that the same has not been fully paid and that plaintiff, as the surety's successor, has no right of action until said arrears are shown to have been fully paid, and that the surety and plaintiff are bound by the modification made; (3) that defendant's discharge

in bankruptcy discharged him and all liability to the surety under his indemnity agreement previously mentioned.

It is the plaintiff's contention that by the assignment to it of the surety's claim against the defendant it became entitled to be subrogated to the rights of said Bertha W. Mandel against the defendant to the same extent as the surety would have been, and all three causes of action are predicated on this theory of subrogation.

It is the general rule that a surety is not entitled to subrogation until the creditor has been paid in full. The payment of $13,750 upon which the third cause of action is founded was made by the surety in liquidation because of its insolvency and was in full settlement of the alimony balance to be paid by the surety. Concededly a much larger sum was due to the former wife at the time. According to Exhibit M she filed a claim for $83,750.02 and according to Exhibit N which is the decree of the Chancery Court of New Jersey this claim was allowed for the full amount and the Commissioner of Banking and Insurance was directed to pay the said sum of $13,750 in full compromise and adjustment of her claim. It appears from the findings of the Chancellor, as disclosed by this exhibit, and the decree made thereon, that by the compromise permitted, the former wife, as obligee of the bond, in receiving the compromise sum of $13,750, was getting *less* than a dividend of *twenty per cent* anticipated as the probable dividend to creditors. The surety was thus in default to an extent exceeding eighty per cent of its liability to the former wife.

It is, therefore, contended by the defendant that the plaintiff may not proceed against him until his former wife, as the obligee of the bond, has received full payment of the sums agreed to be paid her under the agreement between her and the defendant in the divorce action in which the bond was given and that the right to subrogation does not accrue to the surety upon his making only a partial payment. I am in accord with this contention.

The right of subrogation rests upon equitable grounds and will not be enforced against superior equities (*Peoples* v. *Peoples Bros., Inc.,* 254 Fed. 489, 492; *American Surety Co.* v. *Westinghouse Electric Mfg. Co.,* 296 U. S. 133). " It must not be enforced to the detriment of equal or superior equities existing in other parties, nor where its enforcement would operate to the prejudice or injury of the creditor, and cannot, therefore, be insisted upon until the creditor is fully paid and satisfied." (*Peoples* case, *supra,* p. 492.)

While a surety may compromise his liability to the obligee and thereby avoid payment of a larger sum that is actually due and owing, it does not follow that the right to subrogation is not affected

in consequence. The escape from the greater liability thus accomplished in fact results in a corresponding loss and injury to the creditor. " Unless the surety pays the debt in full, he is not entitled to subrogation, and until this is done the creditor will be left in full possession and control of the debt and the remedies for its enforcement " (*Peoples* case, *supra*, p. 492). " It is necessary here to distinguish between the discharge by the surety of its obligation to the principal and complete satisfaction of the cause of action in favor of the principal against third parties." (*American Surety Company of New York* v. *Gerold*, 255 App. Div. 285, 287).

To permit the plaintiff to succeed in this action is to give it greater and superior rights than possessed by the obligee, the plaintiff in the divorce action, under the bond, upon which the plaintiff's assignor defaulted.

The assignment by the wife to the surety company was without prejudice, so that, as I view it, no greater or superior rights were acquired by it, since whether its rights rest upon legal subrogation or conventional subrogation, *i. e.*, upon an express assignment of part of her demands against the defendant, it seems quite clear to me that under the facts here present the plaintiff cannot succeed against the defendant in subrogation or upon the assignments given by the obligee at the time of the partial payments. (*Washington Township Board of Finance* v. *American Surety Company*, 97 Ind. App. 45; 183 N. E. 492).

The general rule is that the right to subrogation does not exist unless the whole debt involved has been paid and " This rule applies to conventional as well as legal subrogation, unless the contract by which such right is created provides otherwise." (*Maryland Casualty Company* v. *Cleveland, etc., Ry. Co.*, 74 Ind. App. 272, 276; 124 N. E. 774, 775.)

In view of the conclusion here reached, I do not deem it necessary to pass upon the sufficiency of the other defenses interposed. The motion for summary judgment is denied.